# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

SHAWN BARMORE,

      Petitioner,


   v.

                              CIVIL ACTION NO.  2:05CV24
                              CRIMINAL ACTION NO.  2:01CR22
                              (Judge Keeley)

UNITED STATES OF AMERICA,

      Respondent.

## REPORT AND RECOMMENDATION/OPINION

### I.  PROCEDURAL HISTORY

On March 15, 2005, the petitioner, an inmate at SPC-Hazelton, filed a letter motion with the

Court which was deemed a §2255 motion.[1]

This matter, which  is  pending before me for initial review and report and recommendation

pursuant to LR PL P 83.15, is ripe for review.

### II.  FACTS

On December 7, 2001, the petitioner pled guilty to aiding and abetting in the distribution of

cocaine base in violation of  21 U.S.C. §841(a)(1) and 18 U.S.C. §2.   He was also convicted in the

---

[1]The Court recognizes that pursuant to Castro v. United States, 540 U.S. 375 (2003) and United States v. Emmanuel, 288 F.3d 644, 649 (4th Cir.2002) prior to recharacterizing a defendant's motion as a §2255 motion, a district court is required to give the defendant notice of its intent to recharacterize the motion, warn him that the effect of the recharacterization is that any subsequent § 2255 motion will be subject to the restrictions on "second or successive" motions, advise him of the one-year statute of limitations and the four dates in §2255 which begin the statute of limitationsand provide him with an opportunity to withdraw or amend the motion.

However, the Court finds that the petitioner  will not be harmed by recharacterizing the letter as a §2255 motion without his permission because, as discussed later,  this motion is clearly untimely. See Randolph v. United States, 106 Fed.Appx. 152, 153 (4th Cir.2004)(unpublished); Outer v. Conley, 112 Fed. Appx. 284 (4th Cir. 2004)(unpublished).

Circuit Court of Mineral County of a state drug offense. On March 8, 2002, the Court sentenced him to 101 months imprisonment (108 months with a 7 month reduction pursuant to U.S.S.G. §5G1.3(b)). The Judgment and Commitment Order also provided for the federal sentence to run concurrently with the state sentence because the state conviction involved relevant conduct used to determine the petitioner's guideline range in his federal case. The petitioner did not appeal his conviction and sentence. In fact, the petitioner did not file anything in his case until January 20, 2005, when he requested by letter that the Court grant him an additional 6 months of credit against his federal sentence. The letter was filed as a Motion for Reconsideration of Judgment Order.

Then, on March 16, 2005, the petitioner submitted another letter raising the same issue which was filed as a §2255 motion.

In his motion, the petitioner asserts that while the Court gave him a 7 month deduction under U.S.S.G. §5G1.3(b) he was entitled to a 13 month reduction for the period of February 2001 to March 2002. He further states that "The Judge said B.O.P. should have granted me the additional 6 months." Based on the information the petitioner has provided, he requested that the Bureau of Prisons award him credit for 6 months he spent in state custody prior to the imposition of his federal sentence. He was advised that his federal sentence commenced on March 8, 2002, the date it was imposed and that he had already been awarded a sentence reduction based on U.S.S.G. §5G1.3(b). Thus, the petitioner was granted no relief.

Now, the petitioner asks the Court to grant him an additional 6 months of credit under U.S.S.G. §5G1.3 and 54 days of good conduct time.

### III. ANALYSIS

First, "[b]arring extraordinary circumstances, . . ., an error in the application of the Sentencing Guidelines cannot be raised in a §2255 proceeding. Section 2255 provides relief for

cases in which 'the sentence was in excess of the maximum authorized by law.' Thus, while § 2255 applies to violations of statutes establishing maximum sentences, it does not usually apply to errors in the application of the Sentencing Guidelines." United States v. Pregent, 190 F.3d 279, 283-84 (4th Cir.1999). Because the petitioner is stating that the Court erred in failing to award him 13 months of credit, he is essentially asserting that the Court misapplied U.S.S.G. §5G1.3. However, such claim is not cognizable in a §2255 motion. Therefore, the petition should be dismissed.

Further, the petitioner's application is untimely. In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ["AEDPA"] was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. §2255.[2]

The limitation period shall run from the last of:

(1)     the date on which the judgment of conviction becomes final;

(2)     the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3)     the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review[3]; or

(4)     the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2255.

The petitioner does not indicate that the Government created an impediment to the filing

---

[2]The AEDPA applies to those cases filed after April 24, 1996, the effective date of the AEDPA. Lindh v. Murphy, 521 U.S. 320 (1997); Breard v. Pruett, 134 F.3d 615 (4th Cir.), cert. denied, 523 U.S. 371 (1998).

[3]The one-year limitation period under this subsection runs from the date on which the Supreme Court initially recognized the right asserted, not from the date on which the right asserted was made retroactive. Dodd v. United States, ____ U.S.____, 125 S.Ct. 2478 (2005).

his §2255 motion.  Further, his motion does not involve a newly recognized right or newly discovered facts.  Thus, the one year statute of limitations began on the date his judgment of conviction became final.

The Fourth Circuit has held that for purposes of the one-year limitations period for filing motions to vacate, the petitioner's conviction becomes final on the date on which the district court entered his judgment of conviction if the petitioner does not pursue direct appellate review.  United States v. Sanders, 247 F.3d 139 (4th Cir. 2001), cert. denied, 534 U.S. 1032 (2001).  In reaching this decision, the Sanders court relied on United States v. Torres, 211 F. 3d 836 (4th Cir. 2000)[4] which has been abrogated by  Clay v. United States, 537 U.S. 522 (2003).   In Clay, the Supreme Court held that when a prisoner does not file a petition for writ of certiorari with the United States Supreme Court, the judgment of conviction becomes final when the time for seeking such review expires.   In slip opinions, the Western District of Virginia, the Eastern District of Virginia, and the Middle District of North Carolina have extended  the rule in Clay to instances were no direct appeal has been filed to determine that the conviction becomes final after the 10 day appeal period has elapsed, not when the judgment is entered. See Hammack v. United States, 2005 WL 1459767 (W.D. Va. 2005); Langley v. United States, 2005 WL 1114316, *1 (M.D.N.C.2005); and Arnette v. United States, 2005 WL 1026711 (E.D. Va. 2005).  The undersigned agrees with the application of Clay by the Western District of Virginia, the Eastern District of Virginia, and the Middle District of North Carolina.

The petitioner's judgment and commitment order were entered on March 13, 2002.  His

---

[4]In Torres, the Fourth Circuit held that "for purposes of § 2255, the conviction of a federal prisoner whose conviction is affirmed by this Court and who does not file a petition for certiorari becomes final on the date that this Court's mandate issues in his direct appeal." Torres, 211 F.3d at 837.

conviction became final 10 days later, on March 23, 2002. Thus, he had until March 23, 2003, to file a §2255 motion alleging that the Court erred in not granting him 13 months of credit under U.S.S.G. §5G1.3.   Consequently, the petitioner's §2255 motion is untimely and should be dismissed..[5]

## IV. **RECOMMENDATION**

Based upon the foregoing, the undersigned recommends that the §2255 motion be denied because he raises a claim that is not cognizable in a §2255 motion. In the alternative, the motion should be dismissed as being untimely.  Any party may file within ten (10) days after being served with a copy of this Recommendation with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are  made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Irene M. Keeley,   United States District Judge.  Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation.[6]

The Clerk of Court is directed to mail a copy of this Recommendation to the *pro se* petitioner

---

[5]The undersigned recognizes that pursuant to  See United States v. Sosa, 364 F. 3d 507 (4th Cir. 2004) and Hill v. Braxton, 277 F.3d 701,707 (4th Cir. 2002)  notice must be given to the petitioner that the Court intends to dismiss the motion as being untimely unless the petitioner can demonstrate the motion is timely.  However, "Hill leaves open the possibility that district courts could dispense with notice if it is 'indisputably clear' that the motion is untimely and cannot be salvaged through tolling." Sosa, 364 F.3d at 511.  Here, the motion was filed more than 3 years after the statute of limitations expired. Consequently, it is clear that the motion is untimely. Thus, no notice must be given to the petitioner.

[6] 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

and the United States Attorney for the Northern District of West Virginia.

Dated: September 30, 2005

_John S. Kaull_

JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE