IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

SHAWN BARMORE,

    Petitioner,

v.                             Civil Action No. 2:05cv24
                            Criminal Action No. 2:01cr22
                            (Judge Keeley)

UNITED STATES OF AMERICA,

    Respondent.

## ORDER AFFIRMING MAGISTRATE JUDGE'S REPORT & RECOMMENDATION

On March 15, 2005, <u>pro se</u> petitioner Shawn Barmore ("Barmore"), an inmate at SPC-Hazleton, filed a letter/motion in which he claims that this Court erred in granting him only a seven-month adjustment on his federal sentence pursuant to U.S.S.G. §5G1.3(b). He requests the Court to correct its error by providing an additional six-month credit against his federal sentence and an accompanying 54 days of good conduct time.[1] Barmore's motion was

---

[1] U.S.S.G. §5G1.3(b) states:

If subsection (a) does not apply, and a term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction under the provisions of subsections (a)(1), (a)(2) or (a)(3) of 1B1.3 (Relevant Conduct) and that was the basis for an increase in the offense level for the instant offense under Chapter Two (Offense Conduct) or Chapter Three (Adjustments), the sentence for the instant offense shall be imposed as follow:

    (1) the court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons; and
    (2) the sentence for the instant offense shall be imposed to run concurrently to the remainder of the undischarged term of imprisonment.

## ORDER AFFIRMING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

referred to United States Magistrate Judge John S. Kaull, for initial review and report and recommendation pursuant to Standing Order of Reference for Prisoner Litigation. (Standing Order No. 5). Magistrate Judge Kaull construed Barmore's motion to be a §2255 motion and recommended that Barmore's motion be denied.

### I. Background

On December 7, 2001, Barmore pled guilty to aiding and abetting in the distribution of cocaine base in violation of 21 U.S.C. §841(a)(1) and 18 U.S.C. §2. Barmore had previously been convicted in the Circuit Court of Mineral County of a state drug offense and was serving a 1 to 15 year state sentence at the time of his federal conviction. On March 8, 2002, this Court sentenced him to 101 months of imprisonment, and, pursuant to U.S.S.G. §5G1.3(b), provided a seven-month reduction for the period of imprisonment Barmore had already served on the undischarged term of imprisonment for his state drug offense. Barmore's Judgment and Commitment Order also provided for the federal sentence to run concurrently with the state sentence because the state conviction involved relevant conduct used to determine his guideline range in the federal case. Barmore did not appeal his federal conviction and sentence.

## ORDER AFFIRMING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

On January 20, 2005, however, Barmore filed a letter raising the same issue he asserts in the motion presently before the Court. Because Barmore did not cite a specific statutory provision as the basis for his motion, the Court characterized his letter as a Motion for Reconsideration of Judgment Order, which it then denied on October 3, 2005 because his claims did not fall within the limited provisions permitted by 18 U.S.C. §3582 to modify a sentence.

Magistrate Judge Kaull filed a Report and Recommendation concerning Barmore's March 15, 2005 motion on September 30, 2005. Although in his recommendation, he characterizes Barmore's March 15, 2005 letter as a §2255 motion, the magistrate judge did not provide notice to Barmore of his intent to characterize his letter/motion as a §2255 motion because he determined that Barmore would not be harmed or prejudiced by the characterization in light of his conclusion that the §2255 motion is untimely.

In reviewing the administrative records provided by Barmore, the Magistrate Judge found that the BOP has advised Barmore it could not provide him any relief because, pursuant to U.S.S.G. §5G1.3(b), because this Court had already reduced his sentence for the time he had served toward his state sentence. He noted that the essence of Barmore's claim is that the Court misapplied the

applicable sentencing guidelines. Magistrate Judge Kaull stated that 28 U.S.C. §2255 does not provide for relief for errors in the application of the Sentencing Guidelines when the sentence does not exceed the statutory maximum. He further noted that Barmore's §2255 motion was untimely because he had not filed his motion within the one-year limitation period set forth in the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. §2255(a). Therefore, the Magistrate Judge recommended that Barmore's motion be denied because his claim is not cognizable in a §2255 motion, or in the alternative, his motion is untimely.

On October 11, 2005, Barmore filed a timely objection to the Magistrate Judge's Report and Recommendation, stating that his March 15, 2005 letter was never intended to be a submission under 28 U.S.C. §2255. He contends that he filed the letter as a federal habeas petition pursuant to 28 U.S.C. §2241 to correct a sentencing error. Barmore did not object to any other findings contained in the report and recommendation filed by the magistrate judge.

## II. Discussion

The Court has reviewed the record before it and has conducted a <u>de novo</u> review of all matters before the magistrate judge in considering the Barmore's motion. It appears to the Court that the magistrate judge's characterization of Barmore's motion as a §2255

4

### ORDER AFFIRMING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

motion accurately reflects the law applicable to the type of relief sought by the petitioner. Furthermore, the Magistrate Judge's recommendation to dismiss the petition because the asserted claim is not cognizable in a §2255 motion and is untimely accurately reflects the law applicable to the present facts.

### A. Characterization of Barmore's Motion

In his October 11, 2005 objections, Barmore claims that the Magistrate Judge mischaracterized his March 15, 2005 letter as a §2255 motion when in fact, he intended to pursue his claim under 28 U.S.C. §2241. In his March 15, 2005 letter, Barmore states: "Judge Keeley granted me a 7 month deduction on my sentence under §5G1.3(b) of the U.S. Sentencing Guidelines. It should have been a 13 month deduction because I was incarcerated from February 2001 to March 2002 when I was sentenced." Barmore further states: "I am asking the Courts under §5G1.3(b) of the U.S. Sentencing Guidelines to grant me the additional 6 months credit due to me."

In determining whether this language supports a §2255 motion or a §2241 motion, the Court must determine whether Barmore is challenging the Court's imposition of his sentence or the BOP's execution of his sentence. Any motion filed pursuant section §2241 must pertain to the execution of the petitioner's commitment or detention. <u>Bradshaw v. Story</u>, 86 F.3d 164, 166 (10th Cir. 1996).

**BARMORE v. U.S.**  2:05cv24
2:01cr22

## ORDER AFFIRMING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Simply, a petition filed pursuant to 28 U.S.C. §2241 attacks the execution of a sentence by the BOP and not the validity of the sentence. Id.

On the other hand, a prisoner may move the court which imposed the sentence to vacate, set aside or correct his sentence through a §2255 motion. Id. A court has jurisdiction of a claim of error in the original sentencing proceeding pursuant to 28 U.S.C. §2255. U.S. v. Werber, 51 F.3d 342, 349 n. 17 (7th Cir. 1995).

The express language of Barmore's March 15, 2005 letter in no way suggests that he is challenging the BOP's application of 18 U.S.C. §3585 in the execution of his sentence, which would be a claim cognizable under 28 U.S.C. §2241. Rather, his claim centers on this Court's alleged erroneous exercise of its authority to depart downward pursuant to U.S.S.G. §5G1.3. He specifically alleges that this Court misapplied U.S.S.G. §5G1.3 in the original sentencing proceeding, which would constitute a substantive error in the calculation of his sentence. That is a claim of error that must be brought pursuant to §2255.

It is true that a federal prisoner may seek relief under 28 U.S.C. §2241 when 28 U.S.C. §2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. §2255; In re Vial, 115 F. 3d 1192, 1194 (4th Cir. 1997). The Fourth Circuit has

BARMORE v. U.S.                                           2:05cv24
                                                          2:01cr22

**ORDER AFFIRMING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

examined the prerequisites for finding that §2255 is an inadequate or ineffective remedy. In the case of <u>In re Jones</u>, 226 F.3d 328 (4th Cir. 2000), it concluded that:

> §2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of §2255 because the new rule is not one of constitutional law.

<u>Jones</u>, 226 F.3d at 333-34. The Fourth Circuit has made it clear that a remedy afforded by §2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision or because an individual is procedurally barred from filing a §2255 motion. <u>In re Vial</u>, 115 F.3d at 1194 n.5. There is nothing in Barmore's March 15th letter, or his October 11th objection to the Magistrate Judge's report and recommendation that establishes that he meets the <u>Jones</u> requirements. Consequently, Barmore has not demonstrated that §2255 is inadequate or ineffective to test the legality of his sentence.

7

## ORDER AFFIRMING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The Court, therefore, concludes that Magistrate Judge Kaull properly characterized Barmore's motion as a §2255 motion.

### B. Sufficiency of Barmore's §2255 Motion

Magistrate Judge Kaull concluded that Barmore's §2255 motion should be dismissed because his claim is not cognizable under §2255, or alternatively, the motion is untimely. Barmore has not asserted any objections to the finding that his claim is not cognizable under §2255. Furthermore, the law in this circuit is clear that a petitioner may not ordinarily challenge a district court's sentencing guideline calculation in a §2255 proceeding unless the sentence exceeded the statutory maximum. United States v. Pregent, 190 F.3d 279, 283-84 (4th Cir. 1999). Barmore has not argues that his sentence exceeded the statutory maximum; thus, his challenge to the Court's guideline calculation is outside the scope of a §2255 challenge. U.S. v. Pregent, 190 F.3d at 284.

Barmore also did not object to the Magistrate Judge's finding that his §2255 motion is untimely. 28 U.S.C. §2255 provides, in pertinent part, that

> [a] 1-year period of limitations shall apply to a motion under this section. The limitation period shall run from the latest of-

(1) the date on which the judgment of conviction becomes final;
(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

In Clay v. United States, 537 U.S. 522 (2003), the Supreme Court held that a judgment of conviction becomes final when the time for seeking review expires when a prisoner does not file an appeal.

Barmore does not dispute that he was sentenced on March 8, 2002 and that his Judgment and Commitment Order was entered on March 13, 2002. Nor does he claim to have filed any motions or appeals concerning that final judgment. Nor has he produced any evidence that he was impeded in any way from filing a motion prior to the one-year limitation period which expired on March 23, 2002, and there is no valid claim that Barmore has new evidence

**ORDER AFFIRMING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

discovered through the exercise of due diligence that would change the final judgment. Therefore, Barmore's §2255 motion is untimely because it was not filed until March 15, 2005, nearly three years after the one-year limitation period expired.

### III. Conclusion

The Court accepts Magistrate Judge Kaull's Report and Recommendation and imposes judgment consistent with it. Therefore, Barmore's §2255 Motion to Vacate the Sentence is **DENIED** and the case is **DISMISSED** with prejudice.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to the petitioner and all appropriate agencies.

Dated: October __3/__, 2005

IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE